# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JACQUELINE GARRETT, | ) |
| | ) Civil Action No. 1:25-cv-4216 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff Jacqueline Garrett by and through her counsel, Leventhal Puga Braley P.C. respectfully submits the following Complaint and Jury Demand, and states as follows:

## PARTIES, JURSIDICTION, AND VENUE

1. This case involves a Federal question under 28 U.S.C. § 1331 and is brought under the Federal Tort Claims Act pursuant to 28 U.S.C. § 1346, et seq.

2. Plaintiff Jacqueline Garrett ("Plaintiff") is a citizen and resident of the State of Indiana.

3. Defendant, The United States of America, operates the Transportation Security Administration (Defendant is hereafter referred to as "United States" or "TSA").

4. Jurisdiction in this Court is appropriate pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., and 28 U.S.C. § 1346(b)(1).

1

5. Plaintiff has satisfied the jurisdictional prerequisite of 28 U.S.C. § 2675(a) by timely filing administrative claims against the TSA on May 9, 2025, within two years of the date when the injury was discovered due to the negligence of the Defendant.

6. The TSA confirmed that it received the claim by May 12, 2025.

7. Because over six months has elapsed since the TSA received the claim and no final disposition has been made by the United States, the jurisdictional prerequisite of 28 U.S.C. § 2675(a) is satisfied.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 because the negligence of the agents and employees of the Defendant TSA, occurred within the State and District of Colorado.

9. Defendant United States, specifically, the TSA, employed Transportation Security Officers ("TSOs") at the Denver International Airport and elsewhere and is responsible for the acts, errors and, omissions of those TSOs that occur within the course and scope of their employment with Defendant TSA.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

11. This is a negligence action relating to injuries sustained by Plaintiff Jacqueline Garrett during a security screening by a TSA-employed TSO at the Denver International Airport.

12. On May 19, 2023, Ms. Garrett went to Denver International Airport ("DIA") for a flight back to her home in Indiana.

13. At all relevant times, Ms. Garrett had a gastrojejunostomy tube ("GJ Tube") in her stomach due to a lifelong history of gastroschisis and other GI complications.

14. At the time Ms. Garrett presented to the security checkpoint at DIA, the GJ Tube was connected to external medical tubing and other equipment, as depicted in the security video screenshot below:



15. Because of Ms. Garrett's medical equipment, Ms. Garrett was subjected to a TSA pat-down screening as an alternative to advanced imaging technology screening.

16. An unidentified female TSO wearing a TSA uniform performed the pat-down screening of Ms. Garrett.

17. On information and belief, this female TSO was employed by TSA.

18. In performing the pat-down screening of Ms. Garrett, this female TSO was acting with the course and scope of her employment with TSA.

19. Prior to the pat-down screening, Ms. Garrett spoke with the TSO and identified the location of her GJ Tube, first by gesturing with her hand, then again by lifting her shirt, as depicted in the security video screenshots below.

 

20. Despite having been shown the location of the GJ Tube, while performing the pat-down screening, the TSO negligently ran her hand over Ms. Garrett's abdomen at the exact location of the GJ.

21. The TSO negligently performed the pat-down screening of Ms. Garrett's abdominal area using unnecessary force and speed and without regard to the GJ Tube.

22. When the TSO ran her hand over the GJ Tube, the TSO pulled on the GJ Tube and caused it to become dislodged, as depicted in the security video screenshots below.

 

23. When the GJ Tube became dislodged, Ms. Garrett immediately doubled over in pain.

4

24. As a result of TSA' negligence, Jacqueline Garrett suffered severe injuries, including, but not limited to dislodgment of her feeding tube and the need for multiple surgeries and extensive medical care.

25. As a direct and proximate result of the negligence of the TSA, as described above, Plaintiff Jacqueline Garrett sustained severe injuries, damages, and losses in an amount to be determined at trial, including, but not limited to:

    a. Past, present, and future medical, rehabilitation, and related expenses;

    b. Past, present and future wage and earning capacity loss;

    c. Past, present, and future pain, suffering, and emotional distress;

    d. Past, present, and future impairment of the enjoyment and quality of a full and complete life;

    e. Past, present, and future physical impairment; and

    f. Other and further permanent injury, disfigurement, and impairment.

26. As a direct and proximate result of the negligent of Defendant TSA, Plaintiff Jacqueline Garrett has suffered, and will suffer further injuries, damages, and losses in the future, including, but not limited to, past and future wage loss, past and future medical care and treatment, past and future rehabilitative and related services, past and future physical impairment, future loss of enjoyment and quality of life, and past and future pain and suffering, mental anguish, and emotional distress.

**FIRST CLAIM FOR RELIEF**
**(Vicarious Liability)**

27. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

28. At all relevant times, the TSO who performed the pat-down screening of Ms. Garrett on May 19, 2023, owed a duty to exercise reasonable care to avoid injury to others, including Jacqueline Garrett.

29. Defendant TSA is vicariously responsible for the acts, errors, and omissions of its employees/agents, and healthcare providers, including TSOs employed by TSA, for their acts, errors, and omissions that occur within the course and scope of their employment.

30. Defendant TSA, by and through its employees/agents, including the TSO who performed the pat-down screening of Ms. Garrett on May 19, 2023, failed to exercise reasonable care, and thus breached her duty to Jacqueline Garrett, by, including, but not limited to, the following:

   a. Failing to perform the pat-down screening with appropriate speed and force for an individual with known external medical equipment;

   b. Failing to perform the pat-down screening in a manner appropriate for an individual with a known GJ Tube;

   c. Failing to take appropriate precautions during the pat-down screening to prevent injury, including damage to the GJ Tube.

31. As a direct and proximate result of Defendant TSA's negligence, Plaintiff Jacqueline Garrett suffered severe injuries, damages, and losses more fully described elsewhere herein.

**SECOND CLAIM FOR RELIEF**
**(Direct Negligence)**

32. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

33. On information and belief, Defendant TSA was negligent in failing to have in place sufficient and appropriate policies and procedures for safe pat-down screening of individuals with known medical conditions, including individuals with external feeding tubes.

34. On information and belief, Defendant TSA was negligent in failing to provide adequate supervision, training and/or discipline of its TSOs and other employees, including the TSO who performed Ms. Garrett's screening on May 19, 2023, including training focused on performing safe pat-down screenings of individuals with external feeding tubes.

35. As a direct and proximate result of Defendant TSA's negligence, Plaintiff Jacqueline Garrett suffered severe injuries, damages, and losses more fully described elsewhere herein.

**WHEREFORE**, Plaintiff Jacqueline Garrett respectfully requests an award of compensatory damages in favor of the Plaintiff Jacqueline Garrett and against the Defendant, including but not limited to compensation for past and future medical and medically related expenses, past and future loss of earning and loss of earning capacity, permanent injury, permanent impairment, permanent disfigurement, loss of enjoyment of life past and future, pain suffering and mental anguish and against Defendant in an amount to be determined by the trier of fact, all interest allowed by law including all prejudgment interest, all pre-filing interest, and all post judgment interest, all costs and expenses allowed under law including all expert witness fees, filing fees, and deposition expenses, attorneys fees and for such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A TRIAL TO A JURY**

Respectfully submitted this 30th day of December 2025.

                              LEVENTHAL PUGA BRALEY P.C.

                              By: *s/ Jim Leventhal*
                              Jim Leventhal, #5815
                              Curtiss S. Schreiber, #57491
                              Leventhal Puga Braley P.C.
                              950 South Cherry Street, Suite 600
                              Denver, CO 80246
                              (303) 795-9945
                              jim@leventhal-law.com
                              cschreiber@leventhal-law.com
                              **ATTORNEYS FOR PLAINTIFF**

**Plaintiff's Address:**
1002 Chippewa Lane
Kokomo, IN 46902